Case 4:18-cv-02831   Document 24   Filed on 02/15/19 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 15, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DELYNN POTTER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-18-2831 |
| § | |
| JPMORGAN CHASE BANK, N.A., § | |
| § | |
| Defendant. § | |

## ORDER

Pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (Document No. 13). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

## I. BACKGROUND

This is a mortgage foreclosure case concerning the property located at 1712 Elmside Court, Conroe, TX 77301 (the "Property"). On January 28, 2008, Plaintiff Delynn Potter ("Potter") executed a promissory note ("Note") and a deed of trust ("Deed of Trust") in favor of Universal American Mortgage Company, LLC. The Note and Deed of Trust were subsequently transferred to Defendant JPMorgan Chase Bank, N.A. ("Chase"), which also became the loan servicer of the Note.

*A.     The First Suit*

On August 24, 2016, Potter filed a lawsuit against Chase in the 284th Judicial District Court of Montgomery County, Texas, alleging breach of contract, common law fraud, promissory estoppel, and requested a temporary restraining order against Chase (the "First Suit"). On October 4, 2016, the First Suit was removed to the United States District Court for the Southern District of Texas, Houston Division (the "District Court"). On July 26, 2017, the District Court dismissed the breach of contract claim with prejudice and allowed Potter an opportunity to amend the other claims. On December 20, 2017, Chase filed an unopposed motion for entry of judgment and the District Court entered a final judgment.

*B.     The Pending Suit*

On June 7, 2018, Potter filed this lawsuit in the 284th Judicial District Court of Montgomery County, Texas. On August 16, 2018, Chase timely removed the case to this Court (the "Pending Suit"). On September 20, 2018, Chase moved to dismiss Potter's amended complaint in the Pending Suit.[1]

---

[1] The Court notes the amended complaint is the live pleading. *Amended Complaint*, Document No. 9.

2

## II.  STANDARD OF REVIEW

*A.   Motion to Dismiss*

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "'[A] formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and

3

the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

B.   Res Judicata

Res judicata is an affirmative defense. Fed. R. Civ. P. 8(c). Generally summary judgment is the proper standard for determining whether a claim should be dismissed based on res judicata. *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (quoting *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 570 & n.2 (5th Cir. 2005)). This is because a court must accept all facts in the complaint as true and cannot look beyond the pleadings when determining a Rule 12(b)(6) motion. *Id.* Under Federal Rule of Evidence 201, Courts may take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts are allowed to take judicial notice of matters of public record when deciding a Rule 12(b)(6) motion to dismiss; therefore, "if, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall*, 305 F. App'x at 227–28 (citing *Kansa Reinsurance Co. Ltd. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)). Here, the Court finds that the facts pleaded in Potter's petitions, along with the pleadings and

4

prior court orders, are adequate to determine the sufficiency of the res judicata affirmative defense.[2]

## III. LAW & ANALYSIS

Chase moves to dismiss Potter's claims in the Pending Suit under Rule 12(b)(6) contending the claims are barred by res judicata based on the District Court judgment in the First Suit. The federal law of res judicata applies when a prior action is brought in federal court under diversity jurisdiction and a second action is brought under federal question jurisdiction. *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 718 (5th Cir. 1975); *Seven Elves, Inc. v. Eskenazi*, 704 F.2d 241, 243 n.2 (5th Cir. 1983). Because the First Suit was removed from state court under diversity jurisdiction and the Pending Suit was removed from state court under federal question jurisdiction, the Court applies the federal law of res judicata in the Pending Suit. Under federal law, res judicata requires the proof of four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits." *Swate v. Hartwell*, 99 F.3d 1282, 1286 (5th Cir. 1996). The Court addresses each element in turn.

---

[2] The Court takes judicial notice of the pleadings and judgments entered in the First Suit.

5

First, parties are identical or in privity for res judicata purposes when the parties to be bound and a party to the previous judgment have a pre-existing "substantive legal relationship." *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008). It is undisputed that Chase and Potter were parties to the First Suit. The Court therefore finds the parties in the First Suit and the Pending Suit are identical for res judicata purposes.

Second, it is undisputed that the motion to dismiss entered in the First Suit was entered by a court of competent jurisdiction—the United States District Court for the Southern District of Texas.

Third, "a dismissal with prejudice is a final judgment on the merits." *Brooks v. Raymond Dugat Co.*, 336 F.3d 360, 362 (5th Cir. 2003). If a non-moving party fails to file a response to a motion, a court may grant a moving party's motion as unopposed. *Hines v. Mortg. Clearing House Corp.*, No. A-13-CA-968-SS, 2013 WL 12109155, at *2 (W.D. Tex. Dec. 5, 2013) (Sparks, J.). Unless otherwise stated, a dismissal order operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). On July 26, 2017, the District Court dismissed the breach of contract claim with prejudice in the First Suit in favor of Chase.[3] The District Court granted Potter leave to amend the other claims within thirty days.[4] Potter failed to amend within

---

[3] *Defendant Chase's Motion to Dismiss*, Document No. 13, Exhibit 1-B.

[4] *Defendant Chase's Motion to Dismiss*, Document No. 13, Exhibit 1-B.

the thirty-day period. On December 20, 2017, Chase filed an unopposed motion for entry of final judgment. On December 21, 2017, the District Court issued a final judgment and dismissed Potter's claims.[5] The Court therefore finds the final judgment entered by the District Court in the First Suit was a final judgment on the merits.

Fourth, res judicata bars a suit on the same cause of action for all issues that could have been litigated in the first proceeding, not only the issues raised in the first proceeding. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The First Suit and the Pending Suit both arise out of the foreclosure on the Property. Both suits contain causes of action based on Potter's allegations regarding Chase's rights under the Note and Deed of Trust. The Court therefore finds the Pending Suit is based on the same claims that were raised or could have been raised in the First Suit. Thus, res judicata bars Potter's claims in this case. Accordingly, Chase's motion to dismiss is granted.[6]

---

[5] *Defendant Chase's Motion to Dismiss*, Document No. 13, Exhibit 1-D.

[6] Chase also contends Potter's claims should be dismissed because: (1) Potter's allegations do not support a violation of Regulation X; (2) The statute of frauds bars Potter's claims for breach of contract, fraud, and declaratory judgment; (3) Potter's fraud claim fails to satisfy Rule 9; (4) The economic loss rule bars Potter's fraud claim; (5) Potter failed to allege tender as required for a quiet title claim; (6) Potter's TDCA claim is barred by the two year statute of limitations, the statute of frauds and other defenses; (7) Potter does not allege a grossly inadequate sale price or causal connection as required to state a wrongful foreclosure claim; (8) Potter is not entitled to declaratory relief; and (9) Potter is not entitled to injunctive relief. In light of the Court's holding, however, the Court need not address these contentions.

## IV.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant JPMorgan Chase Bank, N.A.'s, Motion to Dismiss (Document No. 13) is **GRANTED**.

The Court will issue a separate final judgment.

SIGNED at Houston, Texas, on this ___15___ day of February, 2019.

DAVID HITTNER
United States District Judge